**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER GUNN,** ) | |
| ) | **Case No.** |
| **Plaintiff,** ) | |
| **v.** ) | **Judge** |
| ) | |
| **P.O. MCAULIFFE # 1179,** ) | **Magistrate Judge** |
| **P.O. MORANDA # 1159,** ) | |
| **P.O. KENDALL # 1205 Individually** ) | |
| **and the VILLAGE OF** ) | **Jury Demand** |
| **BOLINGBROOK,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, CHRISTOPHER GUNN, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of his Complaint against the Defendants, P.O. MCAULIFFE # 1179, P.O. MORANDA # 1159, P.O. KENDALL # 1205 individually and the VILLAGE OF BOLINGBROOK, states as follows:

**COUNT I – FALSE ARREST/SEIZURE**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, CHRISTOPHER GUNN accomplished by acts and/or omissions of the Defendant, P.O. MCAULIFFE # 1179, P.O. MORANDA # 1159, P.O. KENDALL # 1205 individually and the VILLAGE OF BOLINGBROOK, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

1

3. The Plaintiff, CHRISTOPHER GUNN, is a resident of the State of Illinois.

4. The Defendants, P.O. MCAULIFFE # 1179, P.O. MORANDA # 1159 and P.O. KENDALL # 1205, individually were at all times relevant to the allegations of the Complaint, a duly appointed Police Officer of the VILLAGE OF BOLINGBROOK and were acting within their scope of employment and under color of law.

5. On March 2, 2017, the Plaintiff, CHRISTOPHER GUNN, was visiting his friend at 161 South Schmidt and Ridgeland.

6. The Plaintiff was not committing a crime or breaking any laws.

7. P.O. McAuliff came upon the scene and started harassing the Plaintiff, CHRISTOPHER GUNN.

8. The Plaintiff CHRISTOPHER GUNN cooperated tendering his license and other documentation.

9. P.O. MORANDA # 1159 and P.O. KENDALL # 1205 came on the scene.

10. The Defendants were going to release the Plaintiff.

11. The Plaintiff CHRISTOPHER GUNN had words about the way he was being treated and told them he was going to file a complaint.

12. The Defendant then got together and told the Plaintiff if he wanted to complain they were arresting him for Disorderly Conduct.

13. The Plaintiff's actions were not disorderly.

14. The actions of the Defendants were intentional and wanton.

15. As a result of the Defendant's actions, the Plaintiff was wrongfully arrested and charged.

2

16. The actions of the Defendant constituted a violation of CHRISTOPHER GUNN'S Fourteenth Amended rights as protected by 42 U.S.C. § 1983.

17. As a result of the actions of the Defendant, the Plaintiff CHRISTOPHER GUNN, suffered fear, anxiety, pain and suffering, and the future pain and suffering, emotional distress and money damages.

WHEREFORE, the Plaintiff, CHRISTOPHER GUNN, prays for judgment in his favor and against the Defendant P.O. MCAULIFFE # 1179, P.O. MORANDA # 1159, and P.O. KENDALL # 1205 individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II – FALSE ARREST/DRIVING UNDER THE INFLUENCE

1-15. The Plaintiff, CHRISTOPHER GUNN hereby re-alleges and incorporates his allegations of paragraphs 1-15 of Count I and his allegations of paragraphs 1-15 of Count II as though fully set forth herein.

16. In an effort to cover up the false arrest of the Plaintiff, CHRISTOPHER GUNN the Defendant at the station decided to falsely charge the Plaintiff with driving under the influence.

17. There were no facts to support probable cause to arrest the Plaintiff for the charge.

18. The actions of the Defendants constituted a violation of CHRISTOPHER GUNN'S Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

19. As a result of the actions of the Defendants, the Plaintiff, CHRISTOPHER GUNN, suffered fear, anxiety, pain, suffering and emotional distress and monetary losses.

20. The actions of the Defendants were intentional willful and wanton.

3

WHEREFORE, the Plaintiff, CHRISTOPHER GUNN prays for judgment in his favor and against the Defendants, P.O. MCAULIFFE # 1179, P.O. MORANDA # 1159 and P.O. KENDALL # 1205 individually, in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – VILLAGE OF BOLINGBROOK

1-16. Plaintiff hereby re-alleges and incorporates his allegations of paragraphs 1-16 of Count II as his respective allegations of paragraph 1-16 of Count III as though fully set forth herein.

17. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

18. Defendant, P.O. MCAULIFFE # 1179 is or was an employee of the VILLAGE OF BOLINGBROOK and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendant P.O. MCAULIFFE # 1179, P.O. MORANDA #1159, and P.O. KENDALL # 1205 be found liable for the acts alleged above, the Defendant THE VILLAGE OF BOLINGBROOK would be liable to pay the Plaintiff any judgment obtained against said Defendants.

4

## JURY DEMAND

The Plaintiff, CHRISTOPHER GUNN hereby requests a trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis
Gregory E. Kulis & Associates

Gregory E. Kulis (#6180966)
GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

5